UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PRATER,<br>Petitioner,<br><br>v.<br><br>JOHN SAWTELLE,<br>THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>Respondents. | : | No. 2:24-cv-3298 |

**O P I N I O N**

**Motions for Relief pursuant to Rule 60(b), ECF No. 35 & 36– Dismissed and Denied**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**November 23, 2026**

## I. INTRODUCTION

In August 2025, the Court denied and dismissed Petitioner Wayne Prater's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which challenged his convictions and sentence in the Philadelphia County Court of Common Pleas for burglary, aggravated assault, risking a catastrophe, and related crimes. Now pending are Prater's Motions for Relief Pursuant to Federal Rule of Civil Procedure 60(b).[1] For the reasons set forth herein, the Motions are dismissed.

[1] Prater purported to file the second of the two pending motions, ECF No. 36, to correct a page issue in the first filed motion, ECF No. 35. The motions are nearly identical; however, the second filed motion is missing pages contained in the earlier filing. Thus, while this Opinion and the accompanying Order shall resolve both pending motions, the Court shall refer to the complete, earlier filing throughout this Opinion ((hereinafter referred to as "60(b) Motion").

## II. BACKGROUND

On June 28, 2012, following a jury trial in the Court of Common Pleas of Philadelphia, Prater was convicted of "three counts of contempt of a court order; two counts each of assault, harassment, burglary, and terroristic threats; and one count each of criminal trespass, criminal mischief, resisting arrest, stalking, endangering another person, aggravated assault, risking catastrophe, possession of an instrument of crime, and making offensive weapons." *See Commonwealth v. Prater*, 256 A.3d 1274, 179 (Pa. Super. Ct. 2021) (summarizing facts and circumstances underlying Prater's conviction in Superior Court decision affirming order imposing Prater's revised judgment and sentence); *see also* R&R 1-2, ECF No. 28. The charges arose from Prater's acts against law enforcement and the victim, who was Prater's estranged girlfriend and the mother of his children, in violation of a Protection from Abuse order. *See Prater*, 256 A.3d at 179. These acts included making harassing phone calls to the victim, breaking into the victim's home to cause her bathtub to overflow and flood the home, resisting arrest and threatening officers, demanding money from and physically assaulting the victim, flooding the victim's home a second time, and planting a bag containing an incendiary fuse and telling law enforcement that the victim intended to kill herself with a pipe bomb. *See id.* The state trial court sentenced Prater on November 2, 2012, "to an aggregate term of 35½ to 71 years of imprisonment, including a sentence of 10 to 20 years of imprisonment for risking a catastrophe," which the Pennsylvania Superior Court affirmed on direct appeal. *Id.*

On March 2, 2015, Prater filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"). *See id.*; *see also* Habeas Op. 3, ECF No. 30; R&R 3. Counsel was appointed and permitted to withdraw without filing an amended PCRA petition. *Prater*, 256 A.3d at 1279-80. Afterwards, new counsel was appointed, but subsequently filed a "no-merit" letter averring there were no issues of arguable merit that could be raised in a PCRA petition. *Id.*

The PCRA court dismissed the petition on May 31, 2017, however, the Superior Court found that Prater's second PCRA "counsel's analysis of the PCRA claims had been cursory and incomplete and remanded the matter to the PCRA court for further consideration." *Id.* at 1280; *see also* Habeas Op. 4. Newly-appointed PCRA counsel filed an amended petition in 2019, arguing that Prater's sentence "for risking catastrophe was illegal," and also raising multiple ineffective assistance of trial counsel claims. *Prater*, 256 A.3d at 1280; *see also* Habeas Op. 4. After a hearing, the PCRA court determined that Prater's "sentence of 10 to 20 years of imprisonment" for risking catastrophe exceeded the statutory maximum for a third-degree felony, and resentenced Prater "to 3 ½ to 7 years of imprisonment" for risking catastrophe, but kept all other sentences the same. *Id.* The PCRA court rejected the request for this sentence to run concurrently with Prater's other sentences, and also denied relief for Prater's ineffective assistance of trial counsel claims, issuing a written order stating the same on January 28, 2020. *Id.* Prater filed motions for reconsideration, which were denied, *see id.*, and later appealed the PCRA court's judgment and new sentence to the Superior Court, which affirmed Prater's new judgment of sentence, but otherwise denied his requested PCRA relief, *see id.* at 1289. The Pennsylvania Supreme Court denied Prater's petition for allowance of appeal on December 1, 2021. *See Commonwealth v. Prater*, 268 A.3d 386 (Table) (Pa. 2021).

Later that month, on December 21, 2021, Prater filed a second PCRA petition. *See* R&R 4. The PCRA court dismissed this petition as untimely and the Superior Court affirmed. *See id.*; *see also* Habeas Op. 5.

On July 11, 2024, Prater filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the above-captioned action. *See* Pet., ECF No. 2. He claimed:

> (1) his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny because the judge considered aggravated circumstances not found beyond a reasonable doubt by the jury, (2) the PCRA court erred in finding his most recent

> PCRA petition untimely, (3) the trial and PCRA courts violated Prater's due process rights by failing to address a suppression motion, and (4) ineffective assistance of counsel ("IAC") at trial, on appeal, and in the PCRA proceedings.

R&R 5; *see also* Habeas Op. 5-6. After the petition was fully briefed, *see* ECF Nos. 2 & 20, Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation ("R&R") on April 28, 2025, recommending that Prater's claims be dismissed as untimely. Habeas Op. 6 (citing R&R 18). In the alternative, Judge Hey recommended that Prater's petition be dismissed because his claims lacked merit and were incognizable to the extent they attacked his 2020 resentencing. *See id.* Prater filed objections to the R&R on May 19, 2025. *See* ECF No. 29. On August 6, 2025, the Court approved and adopted the R&R after de novo review, finding that Prater's petition was barred by the one-year period of limitations and the challenge to his resentence lacked merit, and dismissing Prater's petition as untimely. *See* Habeas Op. 33-34; Habeas Order, ECF No. 31. Prater timely filed an appeal. *See* ECF No. 32. On January 6, 2026, the Third Circuit Court of Appeals denied Prater's application for a certificate of appealability because reasonable jurists would agree that Prater's claims are time-barred, "for substantially the same reasons provided by the District Court." ECF No. 34; *see also Prater v. Sawtelle*, No. 25-2637 at ECF No. 9 (3d Cir. Jan. 6, 2026).

On July 23, 2026, Prater filed a pro se 60(b) Motion, asserting that he is entitled to reopening habeas proceedings under Federal Rule of Civil Procedure 60(b)(2), (3), and (6), because of issues arising in the state court proceedings. *See generally* 60(b) Motion 4-10, ECF No. 35. These issues include the state trial court's purported failure to adjudicate his suppression motion, and his PCRA counsels failure to raise this claim. *See generally id.* He also argues that the Court should reopen habeas proceedings because his purportedly illegal sentence and the alleged failure of the trial court to adjudicate his suppression motion were a product of fraud and

misrepresentation by the trial court during the state court criminal proceedings. *See id.* (citing Fed. R. Civ. P. 60(b)(3) & (6)).

Prater also raises issues with the habeas proceedings under Federal Rule of Civil Procedure 60(b)(1). Prater argues under Rule 60(b)(1) that the Court should reopen habeas proceedings because Prater's excusable neglect as a "true layman in law" led him to mistakenly fail to number his petition, cite relevant authority, provide the applicable standard of review as to the legality of his sentence, raise arguments of government interference of newly discovered evidence, and correct other clerical errors. *See generally* 60(b) Mot. 2-5. Notably, Prater does not address the Court's dispositive conclusion that his habeas claims were untimely. *See generally id.*

Prater filed an additional copy of his Motion on August 3, 2026, purporting to correct an error in the pagination of his Motion. *See* ECF No. 36. On September 2, 2026, Respondents (the "Commonwealth") filed a Response to Motion for Relief Pursuant to Rule 60(b). *See* ECF No. 38.

## III. LEGAL STANDARDS

### A. Motions under Fed. R. Civ. P. 60 – Review of Applicable Law

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "To prevail on a Rule 60(b)(3) motion, the moving party must establish, by clear and convincing evidence, that the adverse party engaged in fraud or other misconduct, and that this misconduct prevented the moving party from fully and fairly presenting her case." *Dougboh v. Cisco Sys.*, 726 F. App'x 914, 915-16 (3d Cir. 2018) (internal citations omitted). A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. The movant bears a heavy burden of proof that extraordinary circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 U.S. Dist. LEXIS 562, *5 (E.D. Pa. 1999). "Such circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535.

**B. Successive Habeas Petitions, 28 U.S.C. § 2254 – Review of Applicable Law**

"The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as 'AEDPA,' and codified as 28 U.S.C. §§ 2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus." *Strother v. Nardolillo*, No. 07-cv-2165, 2007 U.S. Dist. LEXIS 61127, at *1 (E.D. Pa. Aug. 20, 2007). A person in custody pursuant to the judgment of a state court may challenge the validity or execution of his sentence pursuant to 28 U.S.C. § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a second or successive § 2254 petition may be filed, the petitioner must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction. *See*

*Pelullo v. United States*, 487 F. App'x 1, 2 n.2 (3d Cir. 2012). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."[2] *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002), *cert. denied* 540 U.S. 826 (2003).

## IV. ANALYSIS

### A. To the extent the 60(b) Motion raises violations relating to state-court proceedings, it is more properly construed as a successive petition pursuant to 28 U.S.C. § 2254 and is dismissed for want of jurisdiction.

"When a motion is filed in a habeas case under a Rule 60(b) . . . label, the district court must initially determine whether the motion is actually a 'second or successive' habeas petition within the meaning of § 2244(b)." *Davenport v. Brooks*, No. 06-5070, 2014 U.S. Dist. LEXIS 51047, at *10-11 (E.D. Pa. Apr. 14, 2014). It is "the function of the motion, not its caption" that controls. *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984). The instant Motion seeks relief under Rule 60(b)(2), (3), and (6) based on alleged violations during the state-court proceedings. Thus, as to these issues, Prater's 60(b) Motion is more properly construed as a habeas petition pursuant to 28 U.S.C. § 2254. *See Wooden v. Terra*, No. 2:23-cv-1366, 2025 U.S. Dist. LEXIS 252887, at *10 (E.D. Pa. Dec. 3, 2025) (concluding that to the extent the petitioner's motion under Rule 60(b)(3) "broaches the same ineffectiveness arguments as his habeas petition, he improperly presents a successive 2254 Motion").

Prater previously filed a § 2254 petition, which the Court dismissed as untimely. Accordingly, Prater's 60(b) Motion, asserting issues in his state court proceedings, is a

---

[2] *See* 28 U.S.C. § 1631 (providing that if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed").

successive petition under § 2254, and Prater must obtain leave to file it from the Third Circuit Court of Appeals. *See United States v. Fake*, 416 F. App'x 134, 136 (3d Cir. 2011) (holding that where an earlier § 2255 motion, analyzed similarly to a § 2254 motion, was denied on the merits, "any subsequent § 2255 motion filed by [the petitioner] is second or successive" and requires leave from the court of appeals before filing); *Stokes v. C.O.I Gehr*, 399 F. App'x 697, 699 n.2 (3d Cir. 2010) (explaining that a "motion under § 2254 would be 'second or successive' because [the petitioner's] first such petition was dismissed as untimely"). "[C]ase law [in this District] emphasizes that a habeas petitioner cannot circumvent the strictures of 28 U.S.C. § 2244, which governs the filing of second or successive habeas petitions, by simply labeling his paper a motion under Rule 60." *United States v. Brown*, No. 99-730, 2013 U.S. Dist. LEXIS 99616, at *20 (E.D. Pa. July 16, 2013). "'Rule 60(b) has an unquestionably valid role to play in habeas cases,' but it does not allow petitioners to file second or successive petitions." *Williams v. Larkins*, No. 98-6782, 2023 U.S. Dist. LEXIS 121987, at *5 (E.D. Pa. July 14, 2023) (quoting *Gonzalez*, 545 U.S. at 534).

Prater does not have permission from the Court of Appeals to file a successive petition. Accordingly, this Court does not have jurisdiction to entertain the instant Motion and must either dismiss it or transfer it to the Third Circuit Court of Appeals for consideration as a request for leave to file a successive habeas petition. *See Robinson*, 313 F.3d at 139 ("Unless the court of appeals grants such permission, the district court may not consider the second or successive petition."); *Payne v. Bickell*, No. 14-CV-2198, 2022 U.S. Dist. LEXIS 82228, at *10 (E.D. Pa. May 5, 2022) ("Pursuant to 28 U.S.C. § 2244(b)(2), a federal court lacks jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion."). Prater's 60(b) Motion does not present any new evidence or arguments that the one-year habeas limitations period should have been equitably tolled, *see Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005), nor does it make "a credible showing of actual innocence," *Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 159 (3d Cir. 2017) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). In addition, the Third Circuit previously denied Prater's request for a certificate of appealability. *See Prater*, No. 25-2637 at ECF No. 9. Thus, it would not be in the "interest of justice" to transfer this action to the Third Circuit. *See Riley v. May*, No. 04-1435, 2024 WL 166624, at *4 (D. Del. Jan. 16, 2024) (concluding "that it would not be in the interest of justice to transfer this case to the Third Circuit because that court already considered and denied Petitioner's request to file a second or successive habeas petition asserting the same arguments presented here").

Thus, Prater's 60(b) Motion will be dismissed to the extent it raises issues related to his proceedings in state court.[3]

A certificate of appealability is denied. *See United States v. Himmelreich*, No. 22-1097, 2022 U.S. App. LEXIS 36422, at *1 (3d Cir. June 30, 2022) (denying a certificate of appealability because "[j]urists of reason would agree, without debate, that [the petitioner's] Rule 60(b) motion was essentially an unauthorized second or successive § 2255 motion that the District Court lacked jurisdiction to consider").

---

[3] Prater argues that he only learned about some of the issues in his state court proceedings because of this Court's disposition of his habeas claim. *See* Fed. R. Civ. P. 60(b)(2). However, assuming arguendo that these claims may be considered in the Rule 60(b) context, Prater evidently knew of the allegedly newly uncovered issues and evidence when he filed his habeas petition. *Compare* 60(b) Mot. 3-5, 7 (alleging newly discovered "abandonment" of Prater by PCRA counsel Cotter), *with* Pet. 37-40, 54 (alleging Cotter's ineffectiveness and abandonment of "all the Meritorious claims"). Thus, Prater's foregoing newly discovered claim is meritless.

**B. The 60(b) Motion raises issues relating to his own mistake or excusable neglect in the habeas proceedings, which do not impact the integrity of the habeas proceedings or impact the Court's dismissal of the habeas petition.**

To the extent Prater's 60(b) Motion raises issues apparently related to his habeas proceedings, these issues are irrelevant to the integrity of the underlying habeas proceedings. "A court has jurisdiction over [a] Rule 60(b) motion that attacks 'some defect in the integrity' of prior habeas proceedings." *United States v. Aviles*, No. 1:15-181, 2025 U.S. Dist. LEXIS 28912, at *8 (M.D. Pa. Feb. 19, 2025) (quoting *Gonzalez*, 545 U.S. at 532). Prater asserts that the Court should grant his 60(b) motion due to his mistakes or excusable neglect as a pro se petitioner. *See* 60(b) Mot. 1-5 (citing Fed. R. Civ. P. 60(b)(1)). To this effect, he provides examples of omissions and clerical errors, such as failure to properly number his petition, raise claims, provide citations, and provide standards of review. *See id.* However, none of the alleged mistakes or excusable neglect raised relate to the integrity of the proceedings: most importantly, the Court's conclusion that Prater's habeas petition was untimely. Since the foregoing issues do not relate to the integrity of the underlying habeas proceedings, the Court denies these claims.

To the extent Prater alleges fraud by the state court and counsel in the underlying criminal proceedings, he may not do so under Rule 60(b). *See Pridgen v. Shannon,* 380 F.3d 721 (3d Cir.2004) (noting that "a prisoner may not use Rule 60(b) to collaterally challenge his underlying criminal judgment").

## V. CONCLUSION

A significant amount of Prater's 60(b) Motion primarily challenges pre-habeas proceedings in state court and is therefore properly construed as a § 2254 habeas petition. As this Court previously denied relief under § 2254 and Prater did not obtain permission from the Third Circuit to file a successive petition, this Court lacks jurisdiction to consider his claims. This Court denies the remainder of Prater's 60(b) Motion because the issues raised do not

address a defect in the habeas proceedings, or may not be challenged using Rule 60(b). For all these reasons, the pending 60(b) Motion, and the pending duplicate 60(b) Motion filed subsequently, are dismissed and denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*__________
JOSEPH F. LEESON, JR.
United States District Judge